**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| George L. Mortensen and Ema H. Mortensen, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Home Loan Center, Inc. ("HLC"), a California corporation, dba Lending Tree Loans; RLI Insurance Company, an Illinois corporation; Kenneth J. Block, designated broker for HLC; Anthony Gutierrez, a Senior Mortgage Banker with HLC,<br><br>　　　　　Defendants. | No. CV-08-1669-PHX-LOA<br><br>**ORDER** |

　　　　This matter arises on the Court's review of Defendants Home Loan Center, Inc., Kenneth J. Block and RLI Insurance Company's (collectively "HLC") Motion to Dismiss, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. (docket # 8)

　　　　A review of the file indicates that Plaintiffs George L. Mortensen and Ema H. Mortensen filed this *pro se* lawsuit in the Maricopa County Superior Court on August 8, 2008. Their 18-page Complaint alleges, among other claims, violation of the Truth in Lending Act ("TILA"). (docket # 1 at 5-22)  On September 10, 2008, Defendants HLC timely removed this lawsuit to the District Court of Arizona pursuant to "28 U.S.C. § 1441 because federal question jurisdiction exists under 28 U.S.C. §1331[,]" citing Plaintiffs' cause of action under a federal statute, the TILA, 15 U.S.C. § 1601 *et seq*. (docket # 1 at 2 and 40-41)  Defendants HLC have not obtained the consent of Defendant Anthony Gutierrez

1 ("Gutierrez"), because, Defendants claim, Gutierrez has not yet been served with process.
2 *Id.* at 3.

## STANDARD OF REVIEW

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In order to survive a dismissal motion for failure to state a claim, a complaint must allege "more than labels and conclusions and a formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). It must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Id.* "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.*, (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* §1216, pp. 235-236 (3d ed. 2004)); *Yadin Company, Inc. v. City of Peoria*, 2008 WL 906730, * 4 (D. Ariz. 2008) ("The Supreme Court also explained that Rule 8 requires a 'showing,' rather than a blanket assertion, of entitlement to relief.") (internal quotations marks omitted). In *Twombly*, an anti-trust case, the Court tightened the standard for surviving Rule 12(b)(6) motions established in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Court expressed concern that *Conley's* standard could lead to unnecessary and expensive pretrial discovery just to demonstrate the groundlessness of a plaintiff's case in complex anti-trust litigation. *Id.* The Court held that a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990); *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). Indeed, a district court "may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998). Documents which are submitted, however, as part of the complaint, documents incorporated by reference in the

1 complaint, or matters of judicial notice may be considered on a motion to dismiss. *United*
2 *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Mir v. Little Co. of Mary Hosp.*, 844
3 F.2d 646, 649 (9th Cir. 1988).  Similarly, a district court may properly consider exhibits
4 whose contents are alleged in a complaint and whose authenticity no party questions. *Swartz*
5 *v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007);   *Lee*, 250 F.3d at 688; *Sprewell v. Golden*
6 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended on other grounds by* 275 F.3d
7 1187 (9th Cir. 2001)). "[A] document is not 'outside' the complaint if the complaint
8 specifically refers to the document and if its authenticity is not questioned[] [and] [s]uch
9 consideration does not convert the motion to dismiss into a motion for summary judgment."
10 *Branch v. Tunnell*, 14 F.3d 449, 45354 (9th Cir. 1993), *overruled on other grounds by*
11 *Galbraith v. Santa Clara*, 307 F.3d 1119, 1125-27 (9th Cir. 2002).

12 When the district court considers submitted extrinsic evidence, it has the
13 discretion to convert the motion to dismiss to a motion for summary judgment. *Legacy*
14 *Wireless Services, Inc. v. Human Capital, L.L.C.*, 314 F.Supp.2d 1045 (D. Or. 2004);
15 *Garaux v. Pulley*, 739 F.2d 437, 438 (9th Cir. 1984). The district court "may not treat a Rule
16 12(b)(6) motion as one for summary judgment unless the nonmoving party is given
17 'reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'"
18 *Columbia R. People's Util. v. Portland General Elec. Co.*, 40 F.Supp.2d 1152, 1154 (D. Or.
19 1999).  Moreover, a Rule 12(b)(6) dismissal should be with leave to amend "unless it
20 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim
21 which would entitle him to relief."  *Twombly*, 127 S.Ct. at 1967-69; *Steckman v. Hart*
22 *Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).

23 Defendants have elected to file a Rule 12(b)(6) Motion to Dismiss, rather than,
24 a motion for summary judgment pursuant to Rule 56, FED.R.CIV.P. and its concomitant
25 requirement of providing a statement of facts mandated by LRCiv 56.1. Defendants' Motion
26 to Dismiss attaches 30 pages of documents, marked as Exhibits A through D.  Exhibits A and
27 B are not attached as part of Plaintiffs' Complaint; Exhibits C and D are.

28

The Court does not find it appropriate to convert Defendants' Motion to Dismiss into a summary judgment motion because Defendants' Motion was filed less than two weeks after being removed to this federal court. It is premature to do so as no discovery has occurred to properly develop the record. *G & C Auto Body Inc v. Geico General Ins. Co.*, 2008 WL 687371, * 6 (N.D. Cal. 2008); *Tousa Homes Inc. v. Phillips*, 363 F.Supp.2d 1274, 1284 (D. Nev. 2005).

Plaintiffs are hereby forewarned of the following relevant provisions of LRCiv 7.2(i), Rules of Practice of the United States District Court for the District of Arizona, effective December 1, 2007:

> [I]f the opposing party does not serve and file the required answering memoranda, or if counsel for any party fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

It is *pro se* Plaintiffs' obligation, like any party represented by counsel, to timely respond to all motions. LRCiv. 7.2(c). Plaintiffs' failure to timely respond to Defendants' Motion to Dismiss may, in the discretion of the court and among others consequences, be deemed Plaintiffs' consent to the granting of that motion without further notice and judgment may be entered, dismissing the complaint and lawsuit pursuant to LRCiv 7.2(i). *Brydges v. Lewis*, 18 F.3d 651 (9th Cir. 1994); *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). This means your case is over.

On the Court's own motion and in order to manage this case more efficiently, the Court will set a briefing schedule.

**IT IS ORDERED**:

1. Plaintiffs shall have until **Tuesday, October 21, 2008** within which to file a Response to Defendants' Motion to Dismiss.

2. Defendants shall have until **Monday, November 10, 2008** within which to file a Reply to Response to Defendants' Motion to Dismiss, if any.

3. The Motion to Dismiss shall be deemed ready for a decision on the

- 4 -

1  day following the date set for filing the Reply unless otherwise ordered by the Court.
2  Whether Defendants' request for oral argument is granted will depend upon the Court's need
3  for oral argument after review of parties' briefings. *Mahon v. Credit Bur. of Placer County,*
4  *Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999) (if the parties provided the district court with
5  complete memoranda of the law and evidence in support of their positions, ordinarily oral
6  argument would not be required).

Dated this 22nd day of September, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge

- 5 -