**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George L. Mortensen and Erna H. Mortensen, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Home Loan Center, Inc. (HLC), a California corporation, dba Lending Tree Loans; RLI Insurance Company, an Illinois corporation; Kenneth J. Block, designated broker for HLC; and Anthony Gutierrez, a Senior Mortgage Banker with HLC,<br><br>Defendants. | No. CV-08-1669-PHX-DGC<br><br>**ORDER** |

Defendants Home Loan Center, Inc. ("HLC"), RLI Insurance Company ("RLI"), and Kenneth Block have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #8. Plaintiffs George and Erna Mortensen have filed a response and a motion to remand this action to state court. Dkt. #18. For reasons stated below, the Court will grant in part and deny in part the motion to dismiss and deny the motion to remand.[1]

---

[1] Defendants' request for oral argument is denied because the law and evidence have been thoroughly discussed and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

**I.     Background.**

In June 2005, Plaintiffs entered into a purchase agreement with William Lyon Homes ("WLH") to buy a single-family home located in Surprise, Arizona ("Residence"). Dkt. #1-2 ¶ 12, at 23.  Plaintiffs contacted HLC to determine whether HLC could offer a home loan with a lower interest rate or monthly payment than the loan being offered by WLH's preferred lender, Duxford Financial ("Duxford").  *Id.* ¶ 16.  An HLC Senior Mortgage Banker, Anthony Gutierrez, allegedly informed Plaintiffs that he could find a loan better than the Duxford loan.  *Id.* ¶¶ 17-19.  Plaintiffs were pre-approved by HLC for a loan amount of $255,000.  *Id.* ¶¶ 20-21.  Plaintiffs decided to use an HLC loan ("Loan") to purchase the Residence, closing escrow on August 18, 2005.  *Id.* ¶ 31.

On August 14, 2008, Plaintiffs commenced this action by filing a pro se complaint against Defendants in Arizona state court. Dkt. #1-2 at 5-41.  Plaintiffs allege that HLC misrepresented and failed to disclose certain terms of the Loan, including the annual percentage rate ("APR") and a prepayment penalty provision.  *Id.* ¶ 32-34. Plaintiffs further allege that they wish to sell the Residence due to a family member's poor health but are unable to do so in the current real estate market due in part to the Loan's prepayment penalty and negative amortization.  *Id.* ¶¶ 36-40.  The complaint asserts four claims: violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (counts one and three), breach of fiduciary duty (count two), and relief under HLC's surety bond (count four).  *Id.* ¶¶ 8-86.

**II.    Rule 12(b)(6) Standard.**

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996).  To avoid a Rule 12(b)(6) dismissal, the complaint "must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or

bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997). Where the plaintiff is proceeding pro se, the allegations of the complaint must be construed liberally. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

**III.    The TILA Claims (Counts One and Three).**

The TILA "requires a 'creditor' to disclose credit terms – for example, the annual interest rate – to a borrowing consumer." *Eby v. Reb Realty, Inc.*, 495 F.2d 646, 647 (9th Cir. 1974) (citing 15 U.S.C. § 1638). "Congress through TILA sought to protect consumers' choice through full disclosure and to guard against the divergent and at times fraudulent practices stemming from uninformed use of credit." *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986) (citing 15 U.S.C. § 1601(a)).

Plaintiffs contend that HLC failed to clearly disclose material terms of the Loan, including the APR. Count one asserts a violation TILA § 1638(a)(4) and seeks rescission of the Loan. Dkt. #1-2 ¶ 70. Count three asserts a violation of TILA § 1664 and seeks an award of monetary damages. *Id.* ¶¶ 79-83.

**A.    George Mortensen's Claims.**

Defendants argue that Mr. Mortensen lacks standing to bring a TILA claim because he was not a borrower under the Loan and does not own the Residence. Dkt. #8 at 14-15. TILA confers a statutory "right of action only on a borrower in a suit against a borrower's creditor." *Talley v. Deutsche Bank Trust Co.*, No. 07-4984 (RBK), 2008 WL 4606302, at *2 (D.N.J. Oct. 15, 2008). Plaintiffs do not dispute that Mrs. Mortensen, not her husband, executed the Loan documents. Nor do Plaintiffs dispute that Mrs. Mortensen owns the Residence as sole and separate property. *See* Dkt. #1-2 ¶ 31, at 27-29; *see* Dkt. #8-2 at 2-25. Mr. Mortensen has therefore failed to state a claim for relief under TILA. *See Talley*, 2008 WL 4606302, at *2 ("Because Plaintiff has not demonstrated that she entered into any credit transaction with Defendant, Defendant cannot be held liable under the TILA. Plaintiff has thus failed to state a claim upon which relief will be granted, and her claim under the TILA will be dismissed."); *Crevier v. Crevier*, 820 F.2d 1553, 1557 (9th Cir. 1987) ("Because the

1  Creviers attempted to convey, as security for the loan, estate property which they did not own
2  and had no right to convey, the loan is not a transaction secured by their property interest in
3  their residence as required under TILA.  Thus, the Creviers fail to state a claim under TILA
4  for rescission of the loan and deed of trust.").  The Court will grant the motion to dismiss
5  with respect to Mr. Mortensen's TILA claims.

### B. The Claim for Rescission.

Where a lender fails to accurately disclose the APR to a borrower, TILA § 1635(f) "give[s] the obligor the right to rescind any credit transaction in which a security interest is created in the obligor's home." *King*, 784 F.2d at 913.  Defendants argue that the rescission claim fails as a matter of law because the challenged transaction was a "residential mortgage transaction," as defined by § 1602(w), which is expressly exempted from the right to rescission under § 1635(e)(1). Dkt. #8 at 6-8.  Defendants are correct.

Plaintiffs do not dispute that the HLC Loan was a residential mortgage transaction within the meaning of § 1602(w), and it is clear that those types of transactions are exempt from the right to rescission pursuant to § 1635(e)(1).  *See Eby*, 495 F.2d at 648 n.2; *Emery v. Wells Fargo Bank, N.A.*, No. CV05-1485-PHX-NVW, 2006 WL 410980, at *6 (D. Ariz. Feb. 16, 2006); *Turczynski v. Friedman*, No. CIV-S-07-0890 RRB GGH PS, 2007 WL 4556923, at *4 (E.D. Cal. 2007); *Harrington v. Chase Home Fin., LLC*, No. 08cv1537 BTM (RBB), 2008 WL 5135361, at *2-3 (S.D. Cal. Dec. 8, 2008).  The Court will grant the motion to dismiss with respect to count one.

### C. The Claim for Damages.

Defendants argue that the claim for damages under TILA § 1640(a) is barred by the statute of limitations.  Dkt. #8 at 12.  "Section 1640(e) of TILA provides that 'any action under this section may be brought within one year from the date of the occurrence of the violation.'" *Ford v. Wells Fargo Home Mortgage*, No. 08-4276 SC, 2008 WL 5070687, at *4 (N.D. Cal. Dec. 1, 2008) (quoting 15 U.S.C. § 1640(e); brackets omitted).  "The Ninth Circuit has held that this one year period 'runs from the date of consummation of the transaction.'" *Id.* (quoting *King*, 784 F.2d at 915).

- 4 -

1  It is undisputed that Mrs. Mortensen executed the Loan on August 18, 2005, and filed
2  this suit in state court on August 14, 2008. Dkt. #1-2 at 5-41, ¶ 31. The one-year time limit
3  of § 1640(e) had therefore elapsed. This does not, however, end the Court's analysis.

4  "The Ninth Circuit has recognized that 'an inflexible rule that bars suit one year after
5  consumption is inconsistent with legislative intent.'" *Ford*, 2008 WL 5070687, at *4
6  (quoting *King*, 784 F.2d at 914; alteration omitted). "Thus, 'the doctrine of equitable tolling
7  may, in appropriate circumstances, suspend the limitations period until the borrower
8  discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the
9  basis of the TILA action.'" *Id.* (quoting *King*, 784 F.2d at 915).

10  In this case, Plaintiffs do not argue equitable tolling in their response. *See* Dkt. #18.
11  Nonetheless, factual allegations in the complaint, construed liberally and in the light most
12  favorable to Plaintiffs, might give rise to equitable tolling of the statute. *See* Dkt. #1-2 ¶ 69.

13  "'[I]t is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss if equitable
14  tolling is at issue.'" *Ford*, 2008 WL 5070687, at *5 (quoting *Huynh v. Chase Manhatten*
15  *Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); alteration omitted). "Although the facts
16  surrounding Plaintiffs' discovery of the objectionable loan terms must be developed through
17  discovery, the complaint does not foreclose the possibility that equitable tolling may apply
18  to their TILA claim for damages." *Plascencia v. Lending 1st Mortgage*, --- F. Supp. 2d ---,
19  2008 WL 4544357 (N.D. Cal. Sept. 30, 2008). The Court will therefore deny the motion to
20  dismiss with respect Mrs. Mortensen's claim for damages under TILA. *See id.*; *Ford*, 2008
21  WL 5070687, at *5; *Amparan v. Plaza Home Mortgage, Inc.*, No. C 07-4498 JF (RS), 2008
22  WL 524597, at *4 (N.D. Cal. Dec. 17, 2008).

23  **IV.   The Breach of Fiduciary Duty Claim (Count Two).**

24  Plaintiffs allege in count two that HLC and one of its designated brokers, Kenneth
25  Block, breached fiduciary duties owed to Plaintiffs by, among other things, allowing
26  Gutierrez to induce Plaintiffs to forego the Duxford loan without fully understanding
27  Plaintiffs' financial situation. Dkt. #1-2 ¶¶ 72-78. Defendants contend that they do not owe
28  Plaintiffs a fiduciary duty because HLC acted within its role as a creditor. Dkt. #8 at 8-12.

"A fiduciary relationship is a confidential relationship whose attributes include 'great intimacy, disclosure of secrets, or intrusting of power.'  In a fiduciary relationship, the fiduciary holds 'superiority of position' over the beneficiary" *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. Ct. App. 1997) (citation and brackets omitted). "To establish a fiduciary (confidential) relationship there must something approximating business agency, professional relationship, or family tie." *Rhoads v. Harvey Publications, Inc.*, 700 P.2d 840, 847 (Ariz. Ct. 1985).

Defendants acknowledge that Arizona courts have not specifically addressed whether a mortgage lender owes a fiduciary duty to a borrower. Dkt. #8 at 10.  Other courts "have been willing, based on the specific circumstances, to find that a mortgage broker had a fiduciary relationship with a borrower." *Georges v. Accutira Mortgage, Inc.*, No. 4:08-cv-201 (JHC), 2008 WL 2079125, at *4 (E.D. Mo. May 15, 2008) (citations omitted); *see Guth v. Allied Home Mortgage Capital Corp.*, No. CA2007-02-029, 2008 WL 2635521, at *1 (Ohio Ct. App. July 7, 2008) ("Mortgage brokers have fiduciary duties to their clients."); *Zimmer v. Nawabi*, 566 F. Supp. 2d 1025, 1032 (E.D. Cal. 2008) ("As plaintiff's broker, Golden State owed the aforementioned fiduciary duties to plaintiff and can be held vicariously liable if its employees' conduct breached those duties.").

Plaintiffs allege that after describing their unique financial and personal situation to Gutierrez, he promised that he "could find them a better loan than going through [Duxford]." Dkt. #1-2 ¶¶ 16-19.  "[T]he existence of a fiduciary duty is generally a question of fact[.]" *Standard Chartered*, 945 P.2d at 335.  Construing the allegations of the complaint liberally, and affording Plaintiffs the benefit of any doubt, *see Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), the Court concludes that the complaint does not, as a matter of law, fail to state a claim for breach of fiduciary duty.  *See Perez v. First Option Mortgage Corp.*, 2008 WL 4164372, at *5 (Bankr. D. Mass. Sept. 3, 2008) (plaintiff stated a plausible breach of fiduciary duty claim by alleging that an agent of the mortgage broker falsely promised that he would be able to arrange a fixed-rate mortgage with a certain monthly payment); *Ware v. Indymac Bank, FSB*, 534 F. Supp. 2d 835, 846 (N.D. Ill. 2008) (denying

1  motion to dismiss breach of fiduciary duty claim against mortgage broker); *see also Haymes*
2  *v. Rogers*, 222 P.2d 789, 409-410 (holding the issue of bad faith was properly submitted to
3  the jury because a real estate broker owes a fiduciary duty to his client).

4  Defendants contend that Mr. Mortensen lacks standing to bring a breach of fiduciary
5  duty claim, but cite no legal authority in support of this proposition. Dkt. #8 at 15. The
6  Court will deny the motion to dismiss with respect to count two.[2]

## V.     The Bond Claim (Count Four).

In count four, Plaintiffs assert a claim against a surety bond issued in favor of HLC.
Dkt. #1-2 ¶¶ 84-86. The bond claim fails as a matter of law, Defendants contend, because
it is premised on the wrongful acts alleged in counts one through three and those claims do
not state a claim for relief. Dkt. #8 at 13. As explained above, however, counts two and
three survive the motion to dismiss.

Defendants further contend that the bond claim is barred by the one-year statute of
limitations set forth in A.R.S. § 6-943(H), and that the three-year limitations period under
A.R.S. § 12-543(3) does not apply because the complaint does not allege fraud on the part
of Defendants. Dkt. #8 at 14. The Court concludes that the complaint reasonably can be
construed as alleging fraudulent conduct by Defendants. The Court will deny the motion to
dismiss with respect to count four.

## VI.    Plaintiffs' Motion to Remand.

Plaintiffs contend that federal jurisdiction is lacking under TILA § 1640(e). That
statute provides that a TILA action "may be brought in any United States district court, or
in any other court of competent jurisdiction[.]" 15 U.S.C. § 1640(e). Although Arizona state
court is a "court of competent jurisdiction" for purposes of § 1640(e), the removal of the
action to this Court was proper because the Court has federal question jurisdiction over the

---

[2] HLC argues in its reply that it owed no fiduciary duty to Plaintiffs because HLC is a mortgage banker, not a mortgage broker. Dkt. #20 at 4-5. HLC submits records from the Arizona Department of Financial Institutions purportedly showing that HLC is a mortgage banker. *Id.* at 11-22. The Court declines HLC's invitation to consider this extrinsic evidence raised for the first time in a reply memorandum and at the motion to dismiss stage.

- 7 -

TILA claims. *See* 28 U.S.C. § 1331; *see also* Dkt. #1 ¶ 7. The Court will deny the motion to remand.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #8) is **granted in part** and **denied in part** as set forth in this order.
2. Plaintiffs' motion to remand (Dkt. #18) is **denied**.
3. The Court will schedule a case management conference by separate order.

DATED this 16th day of January, 2009.

David G. Campbell
United States District Judge