**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George L. Mortensen and Erna H. Mortensen, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Home Loan Center, Inc. (HLC), a California corporation, dba Lending Tree Loans; RLI Insurance Company, an Illinois corporation; Kenneth J. Block, designated broker for HLC; and Anthony Gutierrez, a Senior Mortgage Banker with HLC,<br><br>Defendants. | No. CV08-1669-PHX-NVW<br><br>**ORDER** |

In June 2005, Plaintiffs entered into a purchase agreement with William Lyon Homes ("WLH") to buy a single-family home located in Surprise, Arizona ("Residence"). Plaintiffs purportedly contacted HLC to determine whether HLC could offer a home loan with a lower interest rate or monthly payment than the loan being offered by WLH's preferred lender, Duxford Financial ("Duxford"). An HLC Senior Mortgage Banker, Anthony Gutierrez, allegedly informed Plaintiffs that he could find a loan better than the Duxford loan. Plaintiffs were pre-approved by HLC for a loan amount of $255,000. Plaintiffs decided to use an HLC loan ("Loan") to purchase the Residence, closing escrow on August 18, 2005.

Plaintiffs commenced this action on August 14, 2008, by filing a pro se complaint against Defendants in Arizona state court. Dkt. #1-2 at 5-41. Plaintiffs allege that HLC

misrepresented and failed to disclose certain terms of the Loan, including the annual percentage rate and a prepayment penalty provision. *Id.* ¶¶ 32-34. Plaintiffs further allege that they wish to sell the Residence due to a family member's poor health but are unable to do so in the current real estate market due in part to the Loan's prepayment penalty and negative amortization. *Id.* ¶¶ 36-40. The complaint asserts four claims: violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (counts one and three), breach of fiduciary duty (count two), and relief under HLC's surety bond (count four). *Id.* ¶¶ 8-86.

On January 16, 2009, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. Dkt. #22. The Court dismissed Mr. Mortensen's TILA claims and the claim for rescission under TILA (count one). *Id.* at 3-4. The Court denied the motion with respect the breach of fiduciary duty claim (count two), Mrs. Mortensen's claim for damages under TILA (count three), and the bond claim (count four). *Id.* at 4-7.

Plaintiffs have filed a motion for leave to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. Dkt. #33. The motion has been fully briefed. Dkt. ##37, 38. For reasons that follow, the Court will grant the motion in part and deny it in part.[1]

Rule 15 declares that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15's "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

Plaintiffs seek to add as defendants Anthony Hsieh, a "designated officer" of HLC, and Billy Bolden, a "responsible party" for HLC. Dkt. #33-2 ¶¶ 6-7. Plaintiffs allege that Hsieh and Bolden breached fiduciary duties owed to Plaintiffs by, among other things, allowing Gutierrez to induce Plaintiffs to forego the Duxford loan without fully

---

[1] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Dev. Malibu Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

understanding Plaintiffs' financial situation. *Id.* ¶ 86. Defendants contend that the proposed amendment is futile because corporate officers owe fiduciary duties solely to the corporation (Dkt. #37 at 4), but the Court previously has determined that the complaint does not, as a matter of law, fail to state a claim for breach of fiduciary duty. Dkt. #22 at 6; *see Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. Ct. App. 1997) (the existence of a fiduciary duty is generally a question of fact); *see also Dawson v. Withycombe*, 163 P.3d 1034, 1051 (Ariz. Ct. App. 2007) (corporate officers may be personally liable where they had knowledge of the misrepresentation and acquiesced in it). Defendants further contend that HLC's officers owed no fiduciary duties to Plaintiffs because HLC is a mortgage banker, not a mortgage broker. Dkt. #37 at 4-5. This argument is better suited for a summary judgment motion. *See* Dkt. #22 at 7 n.2. The Court will grant Plaintiffs leave to add Hsieh and Bolden as defendants to the breach of fiduciary duty claim. Because this case is nearly a year old already, and in light of the October 2, 2009 discovery deadline (Dkt. #30 ¶ 4), the Court will require Plaintiffs to serve process on Hsieh and Bolden by August 28, 2009.

Plaintiffs also seek to add as defendants Countrywide Home Loan Servicing, L.P., BAC Home Loan Servicing, L.P., and Bank of America, National Association (collectively, "BAC defendants"). Dkt. #33-2 ¶¶ 10-12. Plaintiffs assert that the BAC defendants will need to consent to any modification of the Loan and therefore are proper parties under Rule 19. Dkt. #34 at 4-5. Plaintiffs assert no claim against the BAC defendants, nor have they shown that the BAC defendants are necessary parties. The Court will deny the motion to amend with respect the BAC defendants.

Plaintiffs seek leave to add claims for misrepresentation and concealment of facts (count one) and commingling of funds (count five) under A.R.S. § 6-947. Dkt. #33-2 ¶¶ 74-83, 112-14. Defendants do not oppose those proposed amendments, but rather reserve the right to address the new claims in motions brought under the Federal Rules of Civil Procedure. Consistent with the liberal amendment policy of Rule 15(a), the Court will grant the motion to amend with respect to the claims for misrepresentation and concealment of facts and commingling of funds.

**IT IS ORDERED:**

1. Plaintiffs' motion for leave to file first amended complaint (Dkt. #33) is **granted in part** and **denied in part** as set forth in this order.

2. Plaintiffs shall file an amended complaint consistent with this order by **August 12, 2009**.

3. Plaintiffs shall serve process on the new defendants by **August 28, 2009**.

DATED this 17th day of August, 2009.

_____
Neil V. Wake
United States District Judge